**No.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF INDIANA**

**PATRICK S. BREWBAKER**
**AND**
**SANDRA J. BREWBAKER,**

**PLAINTIFFS**

V.

**UNITED STATES OF AMERICA,**

**DEFENDANT**

## COMPLAINT FOR DAMAGES

Come now the Plaintiffs, Patrick S. Brewbaker, and Sandra J. Brewbaker, and for their causes of action, state as follows:

## INTRODUCTION

1.  The causes of action herein arise under the Federal Tort Claims Act of 1948, 62 Stat.982, 28 U.S.C. 2671 et seq, 28 U.S.C. 2401, 38 U.S.C. 7316 , and  28 U.S.C. 1346(b), for recoverable damages proximately caused by acts of medical negligence (involving failure to diagnose Antiphospholipid Syndrome, timely treat it, and failure to

refer to appropriate specialist) of physicians, employees, agents, and representatives of the Department of Veterans Affairs-Northern Indiana Health Care System (DVA-NIHCS), who were (at all times material herein) acting as agents and employees of Defendant, the United States of America, within the course and scope of their employment and agency with Defendant, the United States of America. Paragraphs 2 through 10 infra are provided as context for the introduction—not as factual assertions.

2. Antiphospholipid (AN-te-fos-fo-LIP-id) syndrome occurs when your immune system mistakenly creates antibodies that make your blood much more likely to clot. *See* https://www.mayoclinic.org/diseases-conditions/antiphospholipid-syndrome/symptoms-causes/syc-20355831.

3. Antiphospholipid syndrome (APS) describes a clinical autoimmune syndrome characterized by venous or arterial thrombosis and/or pregnancy morbidity in the presence of persistent laboratory evidence of antiphospholipid antibodies (APL). APS can occur as a primary condition or in the setting of systemic lupus erythematosus (SLE) or another systemic autoimmune disease. *See* https://www.uptodate.com/contents/diagnosis-of-antiphospholipid-syndrome.

4. Signs and symptoms of antiphospholipid syndrome can include:  Blood clots in your legs (DVT). Signs of a DVT include pain, swelling and redness. These clots can travel to your lungs (pulmonary embolism). Repeated miscarriages or stillbirths. Other complications of pregnancy include dangerously high blood pressure (preeclampsia) and premature delivery.

Stroke. A stroke can occur in a young person who has antiphospholipid syndrome but no known risk factors for cardiovascular diseases. Transient ischemic attack (TIA). Similar to a stroke, a TIA usually lasts only a few minutes and causes no permanent damage. Rash. Some people develop a red rash with a lacy, net-like pattern. Less common signs and symptoms include: Neurological symptoms. Chronic headaches, including migraines; dementia and seizures are possible when a blood clot blocks blood flow to parts of your brain. Cardiovascular disease. Antiphospholipid syndrome can damage heart valves. Bleeding. Some people have a decrease in blood cells needed for clotting. This can cause episodes of bleeding, particularly from your nose and gums. You can also bleed into your skin, which will appear as patches of small red spots. *See* https://www.mayoclinic.org/diseases-conditions/antiphospholipid-syndrome/symptoms-causes/syc-20355831.

5. Signs that a person may be developing a clot such as pain, redness, warmth, and swelling in the limbs; chest pain and shortness of breath; ongoing headaches; speech changes; upper body discomfort in the arms, back, neck, and jaw; nausea (*See* https://www.nhlbi.nih.gov/health-topics/antiphospholipid-antibody-syndrome) such as coughing up blood-streaked mucus (*See* https://www.healthline.com/health/blood-tinged-sputum#causes); and, problems with vision (*See* https://www.webmd.com/eye-health/retinal-vein-occlusion) are also important since clotting is a main manifestation of APS.

6. Standards were developed in 1998 called the "Sapporo Criteria." These were revised in

2006 and are called the "Revised Sapporo Criteria" (or the "Sydney Criteria"). The

Revised Sapporo Criteria are set forth here:

Clinical criteria – One or more of the following is present:

Vascular thrombosis – One or more episodes of venous, arterial, or small vessel thrombosis in any tissue or organ, with unequivocal imaging or histologic evidence of thrombosis. Superficial venous thrombosis does not satisfy the criteria for thrombosis for APS.

Pregnancy morbidity – One or more unexplained deaths of a morphologically normal fetus at ≥10 weeks gestation, or one or more premature births of a morphologically normal neonate before 34 weeks gestation because of eclampsia, preeclampsia, or placental insufficiency, or three or more consecutive spontaneous pregnancy losses at <10 weeks gestation, unexplained by chromosomal abnormalities or by maternal anatomic or hormonal causes.

Laboratory criteria – The presence of one or more of the following antiphospholipid antibodies (aPL) on two or more occasions at least 12 weeks apart:

IgG and/or IgM anticardiolipin antibodies (aCL) in moderate or high titer (>40 GPL or MPL units, respectively, or a titer >99th percentile for the testing laboratory), measured by a standardized enzyme-linked immunosorbent assay (ELISA).

IgG and/or IgM anti-beta2-glycoprotein (GP) I >40 GPL or MPL units, respectively, or a titer >99th percentile for the testing laboratory, measured by a standardized ELISA according to recommended procedures.

Lupus anticoagulant (LA) activity detected according to published guidelines.

*Footnotes omitted. See https://www.uptodate.com/contents/diagnosis-of-antiphospholipid-syndrome?topicRef=4667&source=related_link#H72934358.*

7.   Differential diagnoses include: Disseminated intravascular coagulation; Infective

endocarditis; Thrombotic thrombocytopenic purpura;  Heparin-induced

thrombocytopenia; Thrombotic microangiopathies; Inherited and acquired

thrombophilias; Anatomical vascular obstruction; Paroxysmal nocturnal hemoglobinuria;

Myeloproliferative neoplasms. *See* https://emedicine.medscape.com/article/333221-differential. *See* https://www.uptodate.com/contents/clinical-manifestations-of-antiphospholipid-syndrome?topicRef=4678&source=see_link. *See* https://www.uptodate.com/contents/diagnosis-of-antiphospholipid-syndrome?topicRef=4667&source=related_link#H178994.

8. Treatment of APS involves anticoagulation. See https://www.merckmanuals.com/professional/hematology-and-oncology/thrombotic-disorders/antiphospholipid-antibody-syndrome-aps and https://www.nhlbi.nih.gov/health-topics/antiphospholipid-antibody-syndrome

9. Specialist consultations for the treatment for APS include the following:

> Rheumatologist; Hematologist;
> Neurologist, cardiologist, pulmonologist, hepatologist, ophthalmologist
> (depending on clinical presentation)
> Obstetrician with experience in high-risk pregnancies. *See*

*https://www.medscape.com/answers/333221-43636/which-specialist-consultations-are-needed-for-the-treatment-of-antiphospholipid-syndrome-aps#:~:text=Consultations%20may%20include%20the%20following,ophthalmologist%20(depending%20on%20clinical%20presentation)*

10. Estimates in the United States suggest that antiphospholipid antibody are associated with approximately 50,000 pregnancy losses, 110,000 strokes, 100,000 Myocardial Infarctions, and 30,000 Deep Vein Thromboses annually *footnotes omitted*. *See* https://www.uptodate.com/contents/clinical-manifestations-of-antiphospholipid-syndrome?topicRef=4678&source=see_link

## PARTIES

11. Plaintiff Patrick S. Brewbaker is over the age of 18, a resident of Steuben County,

    Indiana, and a decorated United States Marine veteran.


12. Plaintiff Sandra J. Brewbaker is over the age of 18 and is a resident of Steuben County,

    Indiana.


13. At all times pertinent herein, Patrick S. Brewbaker and Sandra J. Brewbaker were, and

    are, husband and wife.


14. Defendant is the United States of America.


## JURISDICTION AND VENUE


15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b),

    as Plaintiff brings claims under the Federal Tort Claims Act 28 U.S.C. 2671 et seq, 28

    U.S.C. 2401, and 38 U.S.C. 7316.


16. Venue is proper in the Northern District of Indiana under 28 U.S.C. § 1402(b)

    because the Plaintiffs reside therein and because the events giving rise to their claims

    occurred in this judicial district.

**COMPLIANCE WITH THE FEDERAL TORT CLAIMS ACT AND**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES BEFORE THE**

**DEPARTMENT OF VETERANS AFFAIRS**

17. On September 9, 2019, within two years of the date of injury(ies) alleged, Plaintiff, Patrick S. Brewbaker timely filed with the Department of Veterans Affairs through delivery by Fed Ex a qualifying administrative tort claim on an executed Form 95 and accompanying exhibits related to the acts of medical negligence and to the proximately caused money damages in the specific amount of $1,000,000.00 as set forth therein and in this Complaint. See Exhibit A.

18. In a letter dated November 19, 2019, the Department of Veterans Affairs, Office of General Counsel, Tort Law Group, acknowledged that said administrative tort claim was received on September 10, 2019. See Exhibit B.

19. In a letter dated October 15, 2020, the Department of Veterans Affairs denied said administrative tort claim. See Exhibit C.

20. On September 9, 2019, Plaintiff, Sandra J. Brewbaker, within two years of the date of injuries alleged timely filed with the Department of Veterans Affairs through delivery by Fed Ex a qualifying administrative tort claim on an executed Form 95 and accompanying exhibits related to the acts of medical negligence and to the proximately caused money damages in the specific amount of $750,000.00 as set forth therein and in this Complaint. See Exhibit A.

21. In a letter dated November 19, 2019, the Department of Veterans Affairs, Office of General Counsel, Tort Law Group, acknowledged that said administrative tort claim was received on September 10, 2019. See Exhibit B.

22. In a letter dated October 15, 2020, the Department of Veterans Affairs effectively denied said derivative administrative tort claim by virtue of denying the main claim. See Exhibit C.

23. In the denial notification, the Department of Veterans Affairs advised that if there were a disagreement with the denial, a suit in federal district court must be filed no later than six months after the date of mailing this notification.

24. Plaintiffs each have exhausted their administrative remedies and satisfied all conditions precedent for the filing of the suit before the District Court.

25. The instant suit is timely filed under the FTCA, 28 U.S.C. § 2401(b), as it is being filed within six months of the date of the mailing of the denial of the administrative tort claims.

## **DATE OF ALLEGED MALPRACTICE**

**26.** The Plaintiffs allege that the acts of malpractice occurred on or September 10, 2017 and continued and was repeated through at least March 30, 2018.

## STATEMENT OF FACTS

27.     On March 17, 2017, Plaintiff Patrick S. Brewbaker, underwent left arthroplasty.  The

moment he left the operating room he noticed dyspnea.  He was placed on oxygen.  He was

discharged two days later.


28.     On August 3, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Jonathan

Alley M.D. assessed mild intermittent asthma with (acute) exacerbation.


29.     On August 17, 2017, Kenneth C. Schaab, M.D., at Department of Veterans Affairs-A

Northern Indiana Health Care System (DVA-NIHCS), examined and treated Plaintiff Patrick S.

Brewbaker in the DVA-NIHCS emergency room.


30.     Also, on August 17, 2017, Dr. Schaab noted the following patient history:

> Patient presents to the emergency department for evaluation of having 4-6
> weeks of runny nose, cough, and congestion with associated cough. The
> patient has been seen by his primary care physician dating back to the end
> of July, who recommended he continue using his albuterol metered-dose
> inhaler 2 puffs every 4-6 hours as needed. He has never been given an
> AeroChamber for use with this. He apparently has never been placed on a
> tapering dose of steroids during this period of time. He does not history
> of reactive airway disease. He also has a history of allergic rhinitis,
> and he states that he has used a Flonase nasal inhaler, as well as
> Claritin for this. This is prescribed outside of the VA through his
> primary care physician outside of the VA. He was placed on a seven-day
> course of Levaquin for his bronchitis, and he was to say this made
> absolutely no difference. He has not had a chest x-ray over the past 4-6
> weeks. He has not had any fevers or chills. He states the coughing has
> become persistent and paroxysmal. He has not been tested for pertussis. He
> is unsure of the status of his vaccinations. He is complaining of chest
> discomfort associated with coughing only. He has not been coughing up any
> bloody or discolor secretions.    He has a nonsmoker. He denies having any

leg swelling or discomfort. He has been coughing throughout the evening.

31.     On September 6, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Severe Persistent Asthma uncomplicated, and Essential Primary Hypertension.

32.     On September 7, 2017, Plaintiff Patrick S. Brewbaker presented to the Cameron Memorial Hospital emergency room with difficulty breathing. The ER physician diagnosed him with Dyspnea unspecified type and referred him to pulmonology.

33.     On September 8, 2017, a CT revealed no gross evidence of pulmonary embolism.

34.     On September 8, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Severe Persistent Asthma uncomplicated, and Essential Primary Hypertension.

35.     On September 10, 2017 at DVA-NIHCS, Dr. Schaab, and Elmer A. Toliver, M.D. both employees of the Defendant United States of America both acting within the scope of their employment treated Plaintiff Patrick S. Brewbaker.

36.     Also, on September 10, 2017 at DVA-NIHCS, Kenneth C. Schaab, M.D., and Elmer A. Toliver, M.D. failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2

glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

37.      Also, on September 10, 2017, Dr. Schaab and Dr. Toliver did not require, pressure, or insist that Plaintiff Patrick S. Brewbaker's October 25, 2017 DVA-NIHCS pulmonary appointment be advanced on the calendar so that it could occur as soon after September 10, 2017 as possible.

38.      Also, on September 10, 2017, Dr. Schaab and Dr. Toliver did not recommend an immediate hematological referral-the main type of specialist that treats APS (often in conjunction with other specialists depending upon the physiological system primarily impacted by APS clotting).

39.      On September 12, 2017 at DVA-NIHCS, Dominick Acquaro, M.D. an employee of the Defendant United States of America acting within the scope of his employment treated Plaintiff Patrick S. Brewbaker.

40.      Also, on September 12, 2017 at DVA-NIHCS, Dr. Acquaro failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

41.     Also, on September 12, 2017, Dr. Acquaro did not require, pressure, or insist that Plaintiff Patrick S. Brewbaker's October 25, 2017  DVA-NIHCS pulmonary appointment be advanced on the calendar so that it could occur as soon after September 12, 2017 as possible.

42.     Also, on September 12, 2017, Dr. Acquaro did not recommend an immediate hematological referral.

_____

43. On September 12, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Severe Persistent Asthma uncomplicated.

44. On September 15, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Severe Persistent Asthma uncomplicated, and Essential Primary Hypertension.

_____

45.     On September 16, 2017 at DVA-NIHCS, Kamleshkumar R. Patel, M.D. an employee of the Defendant United States of America acting within the scope of his employment treated Plaintiff Patrick S. Brewbaker.

46.     On September 16, 2017, Dr. Patel failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to

diagnose APS.

47.     Also, on September 16, 2017, Dr. Patel did not require, pressure, or insist that
Plaintiff Patrick S. Brewbaker's October 25, 2017  DVA-NIHCS pulmonary appointment be
advanced on the calendar so that it could occur as soon after September 16, 2017 as possible.

48.     Also, on September 16, 2017, Dr. Acquaro did not recommend an immediate
hematological referral.

49.     On September 18, 2017, a non-DVA pulmonologist, Thomandrum Sekar, M.D.,
reviewed Pulmonary Function testing results and assessed moderately severe obstructive airway
disorder with an element of reversibility, hyperinflation detected, total lung capacity and
diffusing capacity are adequate and normal, increased in airway resistance, correlate clinically.

50.     On September 22, 2017, Plaintiff Patrick S. Brewbaker's primary care physician,
Dr. Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Severe Persistent
Asthma uncomplicated, and Essential Primary Hypertension.

51.     On September 25, 2017 DVA-NIHCS, Ryan C. Rolf, M.D. an employee of the
Defendant United States of America acting within the scope of his employment treated Plaintiff
Patrick S. Brewbaker.

52.     Also, on September 25, 2017, Dr. Rolf failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

53.     Also, on September 25, 2017, Dr. Rolf did not require, pressure, or insist that Plaintiff Patrick S. Brewbaker's October 25, 2017  DVA-NIHCS pulmonary appointment be advanced on the calendar so that it could occur as soon after September 25, 2017 as possible.

54.     Also, on September 25, 2017, Dr. Rolf did not recommend an immediate hematological referral.

55.     On October 2, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Acute Recurrent Maxillary Sinusitis, Cough, Essential Primary Hypertension, and Other Fatigue.

56.     On October 5, 2017, Plaintiff Patrick S. Brewbaker underwent an exercise stress test (Regadenoson Protocol) at DVA-NIHCS. The overall impression was an inconclusive submaximal test.

57.     On October 9, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr.

Alley assessed Chronic Obstructive Pulmonary Disease unspecified Essential Primary

Hypertension, and Other Fatigue.


58.     On October 16, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr.

Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Mild Intermittent Asthma

with (Acute) Exacerbation, and Essential Primary Hypertension.

---

59.     On October 19, 2017 at Department of Veterans Affairs-A Northern Indiana

Health Care System (DVA-NIHCS), Sharon R. May, M.D., an employee of the Defendant

United States of America acting within the scope of her employment treated Plaintiff Patrick S.

Brewbaker.


60.     Also, on October 19, 2017, Dr. May failed to diagnose Antiphospholipid

Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or

testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS

antibodies, anticardiolipin, beta-2 glycoprotein I ($\beta$2GPI), lupus anticoagulant, and other

appropriate tests to diagnose APS.


61.     Also, on October 19, 2017, Dr. May did not require, pressure, or insist that

Plaintiff Patrick S. Brewbaker's October 25, 2017  DVA-NIHCS pulmonary appointment be

advanced on the calendar so that it could occur as soon after October 19, 2017 as possible.

62.     Also, on October 19, 2017, Dr. May did not recommend an immediate hematological referral.

63.     On October 25, 2017 at Department of Veterans Affairs-Northern Indiana Health Care System (DVA-NIHCS), Sharon R. May, M.D., an employee of the Defendant United States of America acting within the scope of her employment treated Plaintiff Patrick S. Brewbaker.

64.     Also, on October 25, 2017, Dr. May failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

65.     Also, on October 25, 2017, Dr. May did not recommend an immediate hematological referral.

66.     On December 4, 2017 at DVA-NIHCS, Seema Apuri, M.D., an employee of the Defendant United States of America acting within the scope of her employment treated Plaintiff Patrick S. Brewbaker.

67. Also, on December 4, 2017, Dr. Apuri failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

68. Also, on December 4, 2017, Dr. Apuri did not recommend an immediate hematological referral.

69. On December 15, 2017, Plaintiff Patrick S. Brewbaker's primary care physician, Dr. Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Severe Persistent Asthma uncomplicated, Cough, and Essential Primary Hypertension.

70. On January 18, 2018, Dr. Alley again assessed Chronic Obstructive Pulmonary Disease unspecified, Severe Persistent Asthma uncomplicated, Cough, Essential Primary Hypertension, and Pain in Left Shoulder.

71. On January 29, 2018, Dr. Alley assessed flu, Chronic Obstructive Pulmonary Disease, Acute Bronchitis due to other Specified Organisms, Cough, and Essential Hypertension.

72. On February 15, 2018, Plaintiff Patrick S. Brewbaker underwent occupational therapy at DVA-NIHCS for his left shoulder.

73.     On March 8, 2018, Dr. Alley assessed Chronic Obstructive Pulmonary Disease, Severe Persistent Asthma uncomplicated, Cough, and Essential Primary Hypertension.

74.  On March 10, 2018, Plaintiff Patrick S. Brewbaker presented to the DVA-NIHCS emergency room with a reactive airway issue. ER physician recorded non-stop coughing and shortness of breath. Plaintiff Sandra J. Brewbaker accompanied him. ER physician diagnosed. ER physician assessed acute on chronic cough of unclear etiology administered several empiric therapies and sent him home.

75. On March 10, 2018, DVA-NIHCS emergency room physicians, employees of the Defendant United States of America acting within the scope of her employment, failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

76.  On March 12, 2018, Plaintiff Patrick S. Brewbaker presented to the Cameron Memorial Community Hospital emergency room with difficulty breathing. The ER physician diagnosed bronchitis and referred him to his primary care physician, Dr. Alley.

77. On March 13, 2018, Plaintiff Patrick S. Brewbaker presented to the DVA-NIHCS emergency room with bilateral pulmonary embolism.

78. On March 13, 2018, multiple bilateral pulmonary emboli are identified on CT scan.

79. DVA-NIHCS emergency room physicians, employees of the Defendant United States of America acting within the scope of her employment, failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

80. DVA-NIHCS transferred Plaintiff Patrick S. Brewbaker to Lutheran Hospital to address pulmonary embolism where he was admitted on March 13, 2017. On March 17, 2017, Lutheran Hospital discharged him. The discharge diagnoses were: 1. Chronic obstructive pulmonary disease exacerbation. 2. Pulmonary embolism. 3. Hyperlipidemia. 4. Hypertension. 5. Gastroesophageal reflux disease. 6. Morbid obesity. 7. Arthritis. 8. Myositis.

81. On March 20, 2018, an anticoagulation consent note was made a part of the DVA-NIHCS record.

82. On March 22, 2018, Dr. Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Cough, Essential Hypertension, Impaired Fasting Glucose, Personal History of Pulmonary Embolism, and Generalized Anxiety Disorder.

83. On March 22, 2018, Plaintiff Patrick S. Brewbaker presented to the walk-in lab at Cameron Memorial Community Hospital and underwent several tests in relation to impaired fasting glucose (Comprehensive Metabolic Panel, Complete Blood Count with Differential, and Urine Protein). His hemoglobin A1c was in the high range at 8.5 and his estimated average glucose was 197 md/dl.

84.    On March 26, 2018, Plaintiff Patrick S. Brewbaker presented to the DVA-NIHCS emergency room for bilateral kidney pain. Emergency room physicians, employees of the Defendant United States of America acting within the scope of her employment, failed to diagnose Antiphospholipid Syndrome (APS) by not ordering or in not requiring the appropriate diagnostic imaging and/or testing to diagnose; including but not limited to, an MRI, a CT, blood tests to identify APS antibodies, anticardiolipin, beta-2 glycoprotein I (β2GPI), lupus anticoagulant, and other appropriate tests to diagnose APS.

85.    On March 28, 2018, Dr. May assesses pulmonary embolus.

86.    On March 28, 2018, Dr. May notes in the DVA-NIHCS records that Plaintiff Patrick S. Brewbaker's mother had a clotting disorder.

87.    On March 28, 2018, Plaintiff Patrick S. Brewbaker underwent an anti-coagulation consult.

88.     On March 30, 2018, the DVA-NIHCS anticoagulation clinic and the anticoagulation pharmacist in relation to pulmonary embolism was mentioned.

89.     On April 7, 2018, Plaintiff Patrick S. Brewbaker presented to the Cameron Memorial Community Hospital emergency room with Tachycardia. The ER physician diagnosed cardiac Arrythmia unspecified, Dyspnea unspecified, Abdominal Wall Contusion initial encounter, Secondary Hypertension, and Hypokalemia, and referred him to his primary care physician, Dr. Alley and as needed to VA Cardiology.

90. On April 8, 2018, Dr. Alley assessed Chronic Obstructive Pulmonary Disease unspecified, Personal History of Pulmonary Embolism, Pain in Left Shoulder Essential Primary Hypertension, Type 2 diabetes mellitus with hyperglycemia, and Other Fatigue

91. On November 1, 2018, DVA-NIHCS records show a diagnosis of Antiphospholipid Syndrome.

### Count I
### Claim of Patrick S. Brewbaker

92.     Plaintiff Patrick S. Brewbaker incorporates paragraphs 1 through 91 of this Complaint.

93.     Defendant had a duty to conform their medical treatment of Plaintiff Patrick S. Brewbaker to the accepted standard of care, which is that degree of skill and learning possessed and used by physicians in similar practice circumstances.

94.     Defendant's treatment of Plaintiff Patrick S. Brewbaker from September 10, 2017 through at least March 30, 2018 breached the standard of care.

95.     Defendant's failure to timely diagnose APS and treat it accordingly breached the standard of medical care and ultimately led to the hospitalization for multiple pulmonary embolisms that occurred in March of 2018.

96.     Defendant's failure to timely refer Plaintiff Patrick S. Brewbaker to hematologist breached the standard of care.

97.     As a direct and proximate result of Defendant's breaches of the standard of care, Plaintiff Patrick S. Brewbaker has incurred damages including medical harm from pulmonary embolisms, fear of death from pulmonary embolisms, fear of death overtime from untreated lung issues, medical expenses, pain and suffering, loss of ability to function as a whole person, loss of

enjoyment of life, and mental anguish in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, plaintiff Patrick S. Brewbaker seeks damages in the specific amount of One Million Dollars ($1,000,000.00).

## Count II
## Loss of Consortium

98.     Plaintiff Sandra J. Brewbaker incorporates by reference paragraphs 1 through 97 of this Complaint.

99.     At all relevant times, Plaintiff Sandra J. Brewbaker was/is married to Plaintiff Patrick S. Brewbaker.

100.     As a direct and proximate result of the breaches of the standard of care by Defendant, Plaintiff Sandra J. Brewbaker has sustained a loss of consortium.

101.     In addition, as a direct and proximate result of the breaches of the standard of care by Defendant, Plaintiff Sandra J. Brewbaker, sustained great fear and emotional anguish that her husband would suffer serious injury or death.

102.     As a direct and proximate result of Defendant's breaches of the standard of care, Plaintiff Sandra J. Brewbaker has incurred damages including medical expenses, pain and suffering, loss of ability to function as a whole person, loss of enjoyment of life, and mental anguish in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00).

WHEREFORE, Plaintiff  Sandra J. Brewbaker seeks damages in the specific amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00).

Respectfully submitted,

/s/Randal S. Forbes

_____

Randal S. Forbes, Esq.
Forbes Rodman P.C.
P.O. Box 374
Angola, Indiana 46703
260-668-9830
Attorney for the Plaintiffs